George M. Kraw (California Bar No. 71551)
Katherine McDonough (California Bar No. 241426)
Jessica N. Melgar (California Bar No. 311575)
Kraw Law Group, APC
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800
Facsimile:  650-314-7899
gkraw@kraw.com
kmcdonough@kraw.com
jmelgar@kraw.com

Attorneys for:
Producer-Writers Guild of America Pension Plan;
Board of Directors, Producer-Writers Guild of America Pension Plan;

Writers' Guild-Industry Health Fund; and
Board of Trustees, Writers' Guild-Industry Health Fund

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PRODUCER-WRITERS GUILD OF AMERICA PENSION PLAN; BOARD OF DIRECTORS OF THE PRODUCER-WRITERS GUILD OF AMERICA PENSION PLAN, <br><br> And, <br><br> WRITERS' GUILD-INDUSTRY HEALTH FUND; BOARD OF TRUSTEES OF THE WRITERS GUILD-INDUSTRY HEALTH FUND, <br><br> Plaintiffs, <br><br> v. <br><br> NEXTGEN PRODUCTION, LLP, <br><br> And, <br><br> ALEXANDER NEVSKY, an Individual and California Resident | Case No.: <br><br> **COMPLAINT** |

1. This action has been brought in an effort to collect unpaid contributions owed to the Plaintiffs. This action arises under Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. § 1001, *et seq.*, under sections 1132 and 1145. This action also arises under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

## JURISDICTION AND VENUE

2. The Court has jurisdiction of this action under the terms of Section 502(a), (e) and (g) of ERISA, 29 U.S.C. §1132(a), (e) and (g), 29 U.S.C. §185 and 28 U.S.C. § 1331.

3. This Court has venue over this action pursuant to Section 502(e) of ERISA, 29 U.S.C. §1132(e), in that this is the district where the Plaintiffs Producer-Writers Guild of America Pension Plan and Writers' Guild-Industry Health Fund (hereinafter separately referred to as "Pension Plan" and "Health Fund", respectively; collectively referred to as "Benefit Plans") are administered and where the breaches described herein took place.

## PARTIES

4. The Benefit Plans are employee benefit plans within the meaning of Sections 3(1), 3(2), and 3(3) of ERISA, 29 U.S.C. §1002 (1), (2), and (3), and are maintained for the purpose of providing retirement, health and welfare, and related benefits to eligible participants. The Benefit Plans receive contributions from numerous employers pursuant to Collective Bargaining Agreements between employers and Writers Guild of America, West, and Writers Guild of America, East, and therefore, are multiemployer plans under Section 3(37) of ERISA, 29 U.S.C. §1002(37), and 29 U.S.C. § 1301(a)(3).

5. The Board of Directors of the Producer-Writers Guild of America Pension Plan and the Board of Trustees of the Writers' Guild-Industry Health

Fund (hereinafter collectively referred to as "Boards of Trustees") are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

6. The Benefit Plans and Boards of Trustees maintain their principal place of business at 2900 West Alameda Avenue, Suite 1100, Burbank, California.

7. The Benefit Plans bring this action on behalf of themselves and on behalf of participants and beneficiaries in the Benefit Plans to recover benefits due, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

8. Defendant NextGen Production, LLP (hereinafter referred to as "NextGen") is, upon information and belief, a limited liability partnership based in the United Kingdom with sufficient contacts to the State of California. (*International Shoe Co. v. Washington* (1945) 326 U.S. 310, 317.) NextGen is a signatory employer to the Minimum Basic Agreement ("MBA") which provides for payment of contributions to the Benefit Plans in California.

9. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §1002(5), (11), and (12), and Section 2(2) of the LMRA, 29 U.S.C. §152(5).

10. As a signatory employer to MBA, NextGen is bound to the provisions of the MBA and the respective Trust Agreements for the Pension Plan and Health Fund ("Trust Agreements") that created the Benefit Plans.

11. Alexander Nevsky is a principal of NextGen who signed a personal guarantee of NextGen's obligations to make pension and health contributions under the MBA.

**FACTUAL ALLEGATIONS**

12. NextGen entered into the MBA with the Writers Guild of America East and Writers Guild of America West. The MBA established the terms and conditions of writers hired to perform covered writing services performed by employees of NextGen.

13. Upon information and belief, NextGen employed at least one (1) employee covered by the MBA.

14. NextGen was required to make contributions to the Benefit Plans for covered writing services performed by its bargaining unit employees in the amount and manner specified in the MBA and Trust Agreements.

15. NextGen failed to timely submit its contribution for covered writing services performed under the terms of the MBA. NextGen has combined outstanding contributions to both the Pension Plan and the Health Fund.

16. The Benefit Plans notified NextGen in a letter dated April 30, 2018 that it had failed to timely submit required contributions for covered writing services and demanded payment be made. Pursuant to the Trust Agreement, NextGen was also assessed liquidated damages and interest on the delinquent contributions, which continue to accumulate. Subsequent notices have been sent to NextGen from both the Benefit Plans and Counsel of the Benefit Plans.

17. To date, NextGen has failed to pay contributions, liquidated damages and interest owed.

18. Under the terms of the Trust Agreements, an employer who fails to make timely contributions to the Benefit Plans for employee fringe benefits is liable to the Benefit Plans for all unpaid contributions, interest, and attorney's fees and collection costs. See also, 29 U.S.C. §1132(g).

19. Defendant Alexander Nevsky is personally liable because he signed a personal guarantee of contributions owing under the MBA.

20. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are further entitled to an amount equal to the greater of:

    (a)    double interest; or

    (b)    interest plus liquidated damages.

/ / /

/ / /

# STATEMENT OF CLAIMS

### FIRST CLAIM (Against NextGen and Nevsky)
### Failure to Make Contractually Required Contributions to Multi-Employer Plan Under the Employment Retirement Income Security Act
### (29 U.S.C. §§ 1132 and 1145)

21. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 20 as fully set forth herein.

22. This is an action to collect unpaid contributions found owing to a multi-employer benefit plan pursuant to the terms of the MBA and the Trust Agreements.

23. Defendants' failure to pay contributions constitute a failure of an employer to make contractually required contributions to a multi-employer plan pursuant to Section 515 of ERISA, 29 U.S.C. § 1145.

24. Plaintiffs are entitled to judgment for all unpaid contributions, liquidated damages, prejudgment interest, and reasonable attorney's fees and costs pursuant to 29 U.S.C. §1132(g)(2).

### SECOND CLAIM
### Breach of a Collective Bargaining Agreement (Against NextGen and Alexander Nevsky)
### (29 U.S.C. §§ 185)

25. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 24 as fully set forth herein.

26. This is an action to enforce a Collective Bargaining Agreement and the Trust Agreements, pursuant to 29 U.S.C. § 185(a).

27. Plaintiffs are entitled to pursue this claim as a third party beneficiary to the MBA and Trust Agreements.

28. Defendants' failure to pay contributions owing breached the MBA and Trust Agreements, to the detriment of the Plaintiffs. Plaintiffs are entitled to

contributions, liquidated damages, interest, and attorneys' fees and costs pursuant to the MBA and Trust Agreements.

**PRAYER**

WHEREFORE, Plaintiffs respectfully request this Court:

A. Enter a judgment declaring that Defendants have a contractual obligation to make payments to the Benefit Plans (a) requiring contributions to fund benefits; (b) requiring liquidated damages and interest payments in an amount to be proven; and (c) requiring the payment of reasonable attorneys' fees and costs of litigation pursuant to the Minimum Basic Agreement, the Trust Agreements and ERISA.

B. Other such legal and equitable relief as the Court may deem just and equitable.

Dated: February 5, 2020         KRAW LAW GROUP

By: /s/ Jessica Melgar
JESSICA MELGAR
*Counsel for Plaintiffs*